# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFAN M. LEMPERLE,<br><br>   Plaintiff,<br><br>vs.<br><br>WASHINGTON MUTUAL BANK, et al.,<br><br>   Defendant. | CASE NO. 10cv1550-MMA(POR)<br><br>**ORDER RE: DEFENDANTS JP MORGAN CHASE BANK, NA and CALIFORNIA RECONVEYANCE COMPANY'S MOTION TO DISMISS**<br><br>[Doc. No. 4] |

This matter is before the Court on Defendants JPMorgan Chase Bank, N.A. and California Reconveyance Company's motion to dismiss Plaintiff Stefan M. Lemperle's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. No. 4]. Plaintiff filed an opposition to the motion, to which Defendants replied [Doc. Nos. 6 & 7]. The Court took the matter under submission on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1 [Doc. No. 8]. For the following reasons, the Court **GRANTS** Defendants' motion.

## BACKGROUND

On December 3, 2007, Defendant Washington Mutual Bank, NA ("WAMU") and Plaintiff entered into a loan transaction concerning real property, whereby WAMU loaned Plaintiff the sum of $4,968,400 pursuant to a promissory note secured by a deed of trust against the subject property commonly known as 5672 Dolphin Place, La Jolla, California, 92037.

WAMU was closed by the Office of Thrift Supervision and the FDIC was appointed as the

1  receiver on September 25, 2008.  Defendant JPMorgan Chase Bank, N.A. ("Chase") and the Federal
2  Deposit Insurance Corporation ("FDIC") entered into a purchase and assumption agreement
3  whereby Chase acquired certain WAMU assets.
4        On March 11, 2010, a Notice of Default and Election to Sell Under Deed of Trust was issued
5  because Plaintiff was in arrears in the amount of $434,478.41 as of March 9, 2010 on the loan.  A
6  Notice of Trustee's Sale was recorded on June 15, 2010, estimating the amount of unpaid balance
7  and other charges on the loan to be $5,596,189.94.  A non-judicial foreclosure sale of the property
8  was set for July 8, 2010.  On June 30, 2010, Plaintiff filed suit against the above-referenced
9  defendants in the Superior Court of the State of California, County of San Diego, Case No. 37-2010-
10  00095321-CU-OR-CTL, and applied *ex parte* for a temporary restraining order to prevent
11  Defendants from foreclosing on the subject property.  On July 6, 2010, the state court entered an
12  order to show cause as to why a preliminary injunction should not issue, and restraining Defendants
13  in the interim from foreclosing upon the property.  The Show Cause Hearing was set for August 6,
14  2010.
15        On July 26, 2010, Defendants Chase and California Reconveyance Company ("CRC")
16  removed the action to federal court pursuant to 28 U.S.C. § 1441, *et seq*., properly alleging federal
17  question jurisdiction pursuant to 28 U.S.C. § 1331 based on Plaintiff's claims brought under the
18  Truth In Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*., and the Real Estate Settlement
19  Procedures Act ("RESPA"), 12 U.S.C. § 1601, *et seq*.[1]  On August 2, 2010, Defendants filed the
20  instant motion to dismiss Plaintiff's complaint as to all causes of action without leave to amend.

21  **DISCUSSION**

22    *1.  Legal Standard*

23  A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint.  *Navarro v. Block*,
24  250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to
25  dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of
26  his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

---

[1] The Court notes that Plaintiff does not allege either his TILA or RESPA causes of action against Defendant California Reconveyance Company, despite the fact that his complaint inaccurately titles these counts as being brought against all named defendants in this action.

elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, e.g., facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). A court may, however, consider items of which it can take judicial notice without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Judicial notice may be taken of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Additionally, a court may take judicial notice of "'matters of public record' without converting a motion to dismiss into a motion for summary judgment.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Under the incorporation by reference doctrine, courts may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir.1999) (quoting *Branch*

1 | *v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (alteration in original)).

2 |     *2.*     *Analysis*

3 |           a)     <u>Request for Judicial Notice</u>

    In support of its motion to dismiss, Defendants request the Court take judicial notice of five documents: (1) the Deed of Trust for the subject property, recorded on December 7, 2007; (2) the September 25, 2008 Order from the Office of Thrift Supervision closing WAMU and appointing the FDIC as Receiver for WAMU; (3) the Purchase and Assumption Agreement entered between the FDIC and Chase on September 25, 2008, through which Defendant Chase acquired the majority of WAMU's assets and liabilities; (4) the Notice of Default and Election to Sell Under Deed of Trust, recorded on March 11, 2010; and (5) the Notice of Trustee's Sale recorded on June 15, 2010.

    Defendants correctly assert that judicial notice of items (1), (4), and (5) is appropriate under Federal Rule of Evidence 201(b) because the documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Here, these three items are copies of documents formally recorded with the San Diego County Registrar's Office. Each bear the County Recorder's label indicating the documents were successfully received. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (A court may take judicial notice of matters of public record outside the pleadings on a motion to dismiss.); *W. Fed. Sav. v. Heflin*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including deeds of trust).

    Judicial notice of items (2) and (3), the Order from the Office of Thrift Supervision and the Agreement with the FDIC, is also appropriate because government reports and publications, including information on the Department of the Treasury and the FDIC's official websites is judicially noticeable. *See Laborer's Pension Fund v. Blackmore Sewer Const., Inc.*, 298 F.3d 600, 607-08 (7th Cir. 2002) (taking judicial notice of information on FDIC's official website); *see Peruta v. Country of San Diego*, 678 F. Supp. 2d 1046, 1054 n.8 (S.D. Cal. 2010) (stating court may properly take judicial notice of documents appearing on governmental website); *Miller v. Cal. Reconveyance Co.*, 2010 U.S. Dist. LEXIS 74290 (S.D. Cal. July 22, 2010) ("The Court will take judicial notice of the P & A Agreement between JPMorgan and the FDIC . . . because this agreement

is a matter of public record whose accuracy cannot reasonably be questioned.").

Accordingly, the Court grants Defendants' request for judicial notice as to these documents.

### b) Defendant Chase's Liability

With respect to Defendant Chase's liability in this action, Defendants assert that the Purchase and Assumption Agreement ("P& A Agreement") between Chase and the FDIC regarding WAMU expressly limits Chase's liability for borrower claims. As such, Defendants argue that Plaintiff's claims against Defendant Chase must be dismissed with prejudice because Chase is not liable for the alleged conduct of WAMU, the original lender. Although Chase acquired certain assets and liabilities of WaMu from the FDIC, section 2.5 of the P&A Agreement, expressly states that Chase did not assume any liability for borrower claims related to loans or commitments to lend made by WaMu. The applicable provision reads:

> **2.5  Borrower Claims.** Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extrajudicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank (WaMu) prior to failure (September 25, 2008), or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the failed Bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank (Chase).

Federal courts in this circuit are in agreement, that any borrower claims pre-dating the P&A Agreement cannot be brought against Chase. *Miller v. Cal. Reconveyance Co.,* 2010 U.S. Dist. LEXIS 74290 *7-8 (S.D. Cal.) (claims based on the origination of the loan with WaMu cannot be asserted against Chase); *Jarvis v. JP Morgan Chase Bank, N.A.*, 2010 U.S. Dist. LEXIS 84958 *4-5 (C.D. Cal.) (Chase did not assume liability for borrower claims arising out of lending activities by WaMu); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 2010 U.S. Dist. LEXIS 81087 *8-11 (N.D. Cal.) ("FDIC is the appropriate party regarding any liability associated with borrower claims").

Accordingly, to the extent they deal with misconduct at the origination of the subject loan,

1  the Court **DISMISSES WITH PREJUDICE** Plaintiff's causes of action against Defendant Chase.[2]

2      c)  RESPA ("2605(e)") Claim

3    Plaintiff alleges that Defendant Chase engaged in post-September 2008 conduct that violated RESPA (12 U.S.C. § 2601 *et seq.*), section 2605(e) specifically, in paragraph 22 of his complaint, as follows: "On or about April 22, 2010, Plaintiff sent a Qualified Written Request to Defendant Chase Bank pursuant to 12 U.S.C.A. section 2605(e) and Regulation X at 24 C.F.R. section 3500. Plaintiff is informed and believes and thereon alleges that Chase Bank has failed and refused to provide a response to the Qualified Written Request in violation of this section of RESPA."[3] As a result of "Defendants' violations of RESPA," Plaintiff alleges that he has suffered damages in excess of $25,000. *Complaint* ¶ 23.

  Defendant Chase argues Plaintiff's 2605(e) claim should be dismissed because the facts alleged are insufficient to state a section 2605 violation. Plaintiff seems to concede this point in his opposition, but requests the Court grant him leave to amend his complaint to allege additional supporting facts in support of the claim.

  Section 2605(e) provides that, upon receiving a Qualified Written Request ("QWR"), a loan servicer must either correct the borrower's account or, after conducting an investigation, provide the borrower with a written explanation of why the servicer believes the account is correct or why the requested information is unavailable. Section 2605(e)(1)(B) defines "Qualified written request" as:

> [A] written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that–
>  (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>  (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

---

[2] Specifically, the Court dismisses Plaintiff's TILA claim against Defendant Chase in its entirety. As alleged in Plaintiff's Complaint, his TILA claim exclusively involves conduct which occurred prior to September 2008. *See Complaint* ¶¶ 12-13; *see, e.g.*, *Jones-Boyle v. Washington Mutual Bank, F.A.*, 2010 U.S. Dist. LEXIS 78208 *24-25 (N.D. Cal.) (finding TILA claims premised on inaccurate or misleading disclosures provided by WAMU prior to September 25, 2008 are barred as to Chase). Furthermore, to the extent Plaintiff's RESPA claim and Section 17200 claim are based on conduct which occurred prior to September 2008, these causes of action against Defendant Chase are also dismissed with prejudice. *Id.* ¶¶ 19-20; 28.

[3] This is the *only* portion of Plaintiff's RESPA claim that can be potentially maintained against Defendant Chase for the reasons stated above.

1 Plaintiff's allegations are insufficient, as they do not demonstrate that he sent a proper QWR to
2 Defendant Chase on the date alleged, and therefore he fails to state a claim under section 2605(e).
3 First, the Court has not located a copy of the QWR in the record, and there is no indication on the
4 face of his complaint that Plaintiff's QWR included any of the information required by section
5 2605(e). *See Espinoza v. Bank of America*, 2010 U.S. Dist. LEXIS 49048 *11-12 (S.D. Cal.). For
6 example, Plaintiff fails to allege he provided identifying information to enable Defendant Chase to
7 locate his loan documents, nor does he assert his QWR included information regarding why he
8 believed his account was in error.

9 In addition, Plaintiff's complaint fails to adequately allege he suffered damages as a result of
10 Defendant Chase's specific conduct in relation to the section 2605(e) violation. Rather, Plaintiff
11 states generally that "Defendants' violations of RESPA" resulted in over $25,000 in damages.
12 Under section 2605(f)(1), Plaintiff must, at a minimum, allege the "actual damages" he suffered as a
13 result of Chase's failure to respond to her QWRs. *See Sanchez v. Bear Stearns Residential*
14 *Mortgage Corp.*, 2010 U.S. Dist. LEXIS 46043 *11-12 (S.D. Cal.) (citing *Garcia v. Wachovia*
15 *Mortgage Corp.*, 676 F.Supp.2d 895, 909 (C.D. Cal. 2009)); *Garibay v. American Home Mortgage*
16 *Corp.*, 2010 U.S. Dist. LEXIS 29071 *6-9 (S.D. Cal.). Because Plaintiff may be able to allege facts
17 sufficient to state a section 2605(e) claim against Defendant Chase, the Court dismisses Plaintiff's
18 claim against Defendant Chase for violation of RESPA under 12 U.S.C. § 2605(e) with leave to
19 amend.[4]

20          d)      <u>State Law Claims</u>

21 In addition to the TILA and RESPA claims, Plaintiff has alleged state law claims. Based
22 upon the Court's dismissal of the TILA and RESPA claims, and the limited leave to amend granted
23 on the RESPA section 2605(e) claim against Defendant Chase, it is unclear whether Plaintiff will be
24 able to state a federal claim. Accordingly, the Court will not engage at this time in a detailed

---

[4] Rule 15 advises the Court that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. *Id.* at 1052.

1  analysis of Plaintiff's state law claims.[5]

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion to dismiss in its entirety. The Court allows Plaintiff leave to amend his federal RESPA cause of action *only as to* his section 2605(e) claim against Defendant Chase, as stated above. If Plaintiff wishes to file an amended complaint in accordance with the terms of this order, he must do so no later than ***October 22, 2010***.

**IT IS SO ORDERED**.

DATED: October 7, 2010

Hon. Michael M. Anello
United States District Judge

---

[5] Defendants removed this action based on federal question jurisdiction. The Court advises Plaintiff that if he is unable to state a federal claim, the Court shall decline to exercise supplemental jurisdiction over the remainder of his state law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction."); *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (district courts not required to provide explanation when declining jurisdiction pursuant to 28 U.S.C. § 1367(c)(3)).