UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFAN M. LEMPERLE,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br><br><br>WASHINGTON MUTUAL BANK, et al.,<br><br>　　　　　　Defendant. | CASE NO. 10cv1550-MMA(POR)<br><br>**ORDER RE: DEFENDANTS JP MORGAN CHASE BANK, NA and CALIFORNIA RECONVEYANCE COMPANY'S MOTION TO DISMISS;**<br><br>[Doc. No. 12]<br><br>**REMANDING ACTION TO STATE COURT** |

　　　This matter is before the Court on Defendants JPMorgan Chase Bank, N.A. and California Reconveyance Company's motion to dismiss Plaintiff Stefan M. Lemperle's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. No. 12]. Plaintiff filed an opposition to the motion [Doc. No. 14]. The Court took the matter under submission on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1 [Doc. No. 15]. For the following reasons, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART** as moot, and the Court **REMANDS** this action to state court for consideration of Plaintiff's state law claims.

///

///

///

**BACKGROUND**

On June 30, 2010, Plaintiff Stefan M. Lemperle filed the instant action in the Superior Court of the State of California, County of San Diego, Case No. 37-2010-00095321-CU-OR-CTL, alleging four claims arising out of a mortgage transaction secured by real property located at 5672 Dolphin Place, La Jolla, California, 92037. On July 26, 2010, Defendants Chase and California Reconveyance Company ("CRC") removed the action to federal court pursuant to 28 U.S.C. § 1441, *et seq.*, properly alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on Plaintiff's claims brought under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 1601, *et seq*. On August 2, 2010, Defendants filed a motion to dismiss Plaintiff's complaint as to all causes of action without leave to amend. The Court granted Defendants' motion with respect to Plaintiff's federal claims, declined to adjudicate Plaintiff's state law claims, and granted Plaintiff limited leave to amend his federal RESPA claim.

On October 22, 2010, Plaintiff filed his First Amended Complaint, which Defendants now move to dismiss in its entirety. Defendants assert that Plaintiff has not cured his deficient RESPA claim, and request that the Court dismiss the claim with prejudice. Defendants also argue that Plaintiff fails to allege a plausible claim for relief under state law, and request that the Court dismiss Plaintiff's state law claims with prejudice.

**DISCUSSION**

*1.     Legal Standard*

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted).

///

1   In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, e.g., facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). A court may, however, consider items of which it can take judicial notice without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Judicial notice may be taken of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Additionally, a court may take judicial notice of "'matters of public record' without converting a motion to dismiss into a motion for summary judgment.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).

Defendants filed a Request for Judicial Notice concurrently with their motion to dismiss. Plaintiff did not object to the request. Because the Court may take judicial notice of matters of public record and documents that are integral to claims in the complaint which are not subject to reasonable dispute, the Court considers the documents contained in the request in ruling on Defendants' motion to dismiss.

///

*2. Analysis*

In dismissing Plaintiff's original complaint, the Court ruled that Plaintiff's conclusory allegations did not allege sufficient facts to state a RESPA claim. RESPA requires a loan servicer to respond to a QWR from a borrower or a borrower's agent "for information relating to the servicing of [the] loan." *See* 12 U.S.C. § 2605(e)(1)(A). The statute defines servicing as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, … and making the payments of principle and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." *See* 12 U.S.C. § 2605(i)(3). The Court previously determined that Plaintiff's RESPA claim failed because his allegations did not demonstrate that he sent a proper QWR to Chase. Specifically, the Court noted that Plaintiff failed to include a copy of the QWR in the record, and there was no indication on the face of his complaint that Plaintiff's QWR included any of the information required by section 2605(e).

In his First Amended Complaint, Plaintiff alleges that he served Chase with a QWR, and he attaches a letter dated April 22, 2010 to his opposition.[1] However, Plaintiff's First Amended Complaint offers no factual basis for his claim, merely reciting the elements of the cause of action and the general required content of a QWR. *See First Amended Complaint* ¶ 22. And although the QWR attached to his opposition references servicing in passing and identifies Plaintiff's name and loan number, Plaintiff's requests are not related to the servicing of the loan, but rather more generally to the allegations of predatory schemes in the mortgage industry. For example, the first paragraph of the letter states:

> This request is made on behalf of our Client about the proper application of payments from the debtors to interest, principal, escrow advances and expenses (in that order of priority as provided for in the loan instruments); about your use of suspense accounts in connection with your receipt of the debtors' payments; about your use of legacy late charges; about your use of

---

[1] Under the incorporation by reference doctrine, courts may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir.1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (alteration in original)). Thus, in ruling on Defendants' motion, the Court considers the letter attached to Plaintiff's opposition.

>automatically triggered property inspections and broker price opinion charges and fees based on pre-petition legacy accounting for pre-petition arrears; and about legal fees and expenses that have been attached to this account in the form of corporate advances.

*See Plaintiff's Opposition,* "Attachment," April 22, 2010 letter. Furthermore, a QWR must include a statement of the reasons for the belief of the borrower that the account is in error. *See* 12 U.S.C. § 2605(e)(1)(B). The April 22, 2010 letter does not contain such information. Additionally, the Court notes that section 2605 only requires loan servicers to respond to a proper QWR by correcting the account discrepancy, explaining why the account is correct, or if the information is unavailable, by providing contact information for someone who can assist the borrower with his inquiry. *See* 12 U.S.C. §§ 2605(e)(2)(A)–(C). Chase did not have an obligation to provide Plaintiff the extraordinary amount of information requested in the April 22, 2010 letter.

Accordingly, the Court finds that Plaintiff has not alleged sufficient facts to state a claim under RESPA. *See Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009) (dismissing RESPA claim because the plaintiff's letter "simply disputed the validity of the loan and not its servicing"); *see also Keen v. American Home Mortg. Servicing, Inc.*, 664 F. Supp. 2d. 1086, 1096-97 (E.D. Cal. 2009). Defendants' motion to dismiss is granted in part and Plaintiff's RESPA claim is dismissed with prejudice.

Having determined that Plaintiff has not stated a claim under federal law, the only remaining claims are his claims arising under state law. A district court may decline to exercise supplemental jurisdiction in a case arising from a common nucleus of operative fact where, *inter alia*, it has dismissed the federal claims. 28 U.S.C. § 1367(c)(3). In order to make this determination, courts should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotations and citations omitted). When "federal-law claims are eliminated before trial, the balance of factors to be considered … will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), superseded by statute, 28 U.S.C. § 1447(c).

Here, it would be equally convenient for the parties to litigate the remaining claims in state court, where this case originated. The Court concludes that principles of comity, convenience, and

judicial economy weigh against retaining supplemental jurisdiction in this case and remand is appropriate. Accordingly, to the extent Defendants seek dismissal of Plaintiff's state law claims, the Court denies their motion as moot and without prejudice to renewal in state court.

### CONCLUSION

Based on the foregoing, Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART AS MOOT**. The Court hereby **REMANDS** this matter to the Superior Court of the State of California, County of San Diego.

**IT IS SO ORDERED**.

DATED: January 20, 2011

Hon. Michael M. Anello
United States District Judge